UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| WE THE PATRIOTS USA, INC. & JAMES CHILDS, *individually and as parent of G.C.*, Plaintiffs, | ) | |
| v. | ) | 2:26-cv-00369-SDN |
| PENDER MAKIN, *in her official Capacity as Commissioner of the Maine Department of Education*, and CARI MEDD, *in her official capacity as Superintendent of Maine School Administrative District #52*, Defendants. | ) | |

**ORDER DENYING MOTION FOR AN INJUNCTION PENDING APPEAL**

In this matter, Plaintiffs We the Patriots USA, Inc. ("WTP") and James Childs, the parent of a minor child and member of WTP ("the Plaintiffs"), sued Defendant Pender Makin, in her official capacity as the Commissioner of the Maine Department of Education, and Defendant Cari Medd, in her official capacity as the Superintendent of Maine School Administrative District #52 ("the Defendants"), over Maine's vaccination requirements for school enrollment based on Mr. Childs' religious beliefs. ECF No. 1; *see* 20-A M.R.S. § 6355 (the "vaccine mandate"). On September 8, 2026, the Court denied Plaintiffs' motion for injunctive relief to enjoin school officials from enforcing the vaccine mandate. ECF No. 37 ("Order").

The Court found Plaintiffs unlikely to succeed on their Free Exercise claims based on its finding that Maine's vaccine mandate is both neutral and generally applicable and accordingly is subject only to rational basis review—which the Court found easily

satisfied. *Id.* at 26–27. The Court additionally rejected Plaintiffs' Establishment Clause claim by holding that the vaccine mandate's "legacy provision" (allowing exemption from the vaccine mandate for students who had a preexisting IEP in place and claimed the exemption prior to September 1, 2021) did not prefer one religious practice over another and was instead applied based on "two administrative facts—whether an IEP existed and when an exemption was filed—that apply regardless of faith or determination." *Id.* at 28–29. Plaintiffs' present motion for injunctive relief challenges only the Court's Free Exercise rulings; it does not address the Establishment Clause ruling or the Court's finding that § 6355 is facially neutral, and those rulings stand undisturbed.

The day after the Court denied Plaintiffs' initial motion for injunctive relief, Plaintiffs filed their motion requesting expedited injunctive relief pending their appeal of the Court's decision denying their initial request for injunctive relief. ECF No. 43. For the reasons that follow, the Court **DENIES** the Plaintiffs' motion for expedited injunctive relief pending their appeal.[1]

## DISCUSSION

To obtain an injunction pending appeal, a movant must make a "strong showing" that: (1) they are likely to succeed on the merits of their appeal, (2) "they will be irreparably injured absent emergency relief," (3) the balance of equities tips in their favor, and (4) an injunction serves the public interest. *Together Emps. v. Mass Gen. Brigham Inc.*, 19 F.4th 1, 7 (1st Cir. 2021). The first two factors are the "most critical" and require

[1] Because Plaintiffs' motion raises no argument not already fully briefed and argued before the Court in connection with the underlying motion for preliminary injunction, and because the record and controlling law are sufficient to resolve the motion, the Court finds oral argument unnecessary. *See* D. Me. Loc. R. 7(e) (oral argument on motions is within Court's discretion); *USI Ins. Servs. LLC v. Nappi*, No. 25-cv-00501, 2026 WL 2631291, at 1 n*1 (D. Me. June 10, 2026).

"a showing of more than mere possibility." *Respect Me. PAC v. McKee*, 622 F.3d 13, 15 (1st Cir. 2010). This standard is the same one the Court applied to Plaintiffs' original motion for injunctive relief. *See, e.g.*, *Bayley's Campground Inc. v. Mills*, No. 20-cv-00176, 2020 WL 3037252, at *2 (D. Me. June 5, 2020) ("The standard for an injunction pending appeal is the same as the standard for a preliminary injunction.").[2]

Plaintiffs first argue the Court erred by assessing the "character" of the burden § 6355 imposes rather than its "degree." ECF No. 43 at 4–7; *see* Order at 24 ("Plaintiffs have not shown that the burden Mr. Childs describes shares the same character of the burden *Yoder*, *Mahmoud*, and *Mirabelli* address."). Plaintiffs essentially argue the Order rested on a "distinction between the kind of burden and its degree" that is not recognized by the relevant Supreme Court case law. ECF No. 43 at 7. Plaintiffs assert that, absent this error, the Court should have applied a strict scrutiny analysis to § 6355, which they contend would not have survived that standard. *Id.*

*Yoder* held that the compulsory school attendance requirement for Amish children at issue triggered strict scrutiny because the requirement "substantially interfere[ed] with the religious development" of Amish children and posed a "very real threat of undermining the Amish community and religious practice as they exist today." *Wisconsin v. Yoder*, 406 U.S. 205, 218 (1972). *Mahmoud* and *Mirabelli* likewise applied strict scrutiny, but only *after* first concluding that the character of the burden matched *Yoder*'s. *Mahmoud v. Taylor*, 606 U.S. 522, 553–54, 565 (2025); *Mirabelli v. Bonta*, 607 U.S. 492,

[2] Plaintiffs cite a different four-factor formulation for injunctive relief pending appeal drawn from *Ass'n to Pres. & Protect Loc. Livelihoods v. Town of Bar Harbor*, No. 22-cv-00416, 2024 WL 3088752 (D. Me. June 21, 2024), which followed a bench trial and final judgment. *See* ECF No. 43 at 3–4. This formulation does not apply because there has been no adjudication on the merits here, but the standard is the same in any event.

496 (2026). As this Court's prior Order recognized, *Yoder*, *Mahmoud*, and *Mirabelli* each involved a school itself acting directly toward a child to compete with the parents for the child's own beliefs—conduct that § 6355 does not involve. *See* Order at 24–25. Further, the character of the burden on Mr. Childs' sincere religious beliefs is not of the kind contemplated in the *Yoder* line of cases. *Id.* As such, strict scrutiny does not apply.

Plaintiffs next argue the Court's general-applicability analysis was erroneous insofar as it focused on Maine's reasons for tolerating each secular exemption, rather than on the health-and-safety risk posed by each such exemption. ECF No. 43 at 12–13. The Order, however, applied the standard *Tandon* and *Fulton* prescribe: it identified Maine's asserted interest in the vaccine mandate and asked whether each exemption undermines that interest to the same degree a religious exemption would. Order at 13–18; *see Tandon v. Newsom*, 593 U.S. 61, 62 (2021); *Fulton v. City of Philadelphia*, 593 U.S. 522, 534 (2021). Plaintiffs' motion does not identify any exemption the Order failed to analyze under that standard.

Plaintiffs' reliance on *Lowe v. Mills*, 68 F.4th 706 (1st Cir. 2023), fares no better. Plaintiffs argue the holding in *Lowe* "raises the very real likelihood that the First Circuit will part ways" with prior Second and Fourth Circuit rulings on the application of *Yoder, Mahmoud*, and *Mirabelli* to vaccine mandates. ECF No. 43 at 12. The Court's prior Order already accounted for *Lowe*, however, which itself rested on the "plausibility standard applicable to Rule 12(b)(6) motions" and reversed in part a dismissal without any evidentiary record. Order at 14, 26; *see Lowe*, 68 F.4th at 718. The *Lowe* court itself stressed the "narrowness" of its holding—explicitly noting the decision did not determine the appropriate standard of constitutional scrutiny to apply to the Free Exercise Claim, nor whether the claim would ultimately survive the applicable level of scrutiny. *Id.* Where

the First Circuit has reviewed a developed record, unlike in *Lowe*, it has routinely affirmed the denial of preliminary injunctive relief to religious objectors seeking exemptions to vaccine mandates *See, e.g.*, *Brox v. Woods Hole*, 164 F.4th 37, 50–52 (1st Cir. 2026) (upholding district court denial of preliminary injunction against steamship authority's vaccine mandate by finding, under rational basis review, mandate constitutional based on the defendant's "legitimate interests in preventing the spread of COVID-19 and in protecting the health and safety of its employees, customers, and vendors"); *Does 1-6 v. Mills*, 16 F.4th 20, 32 (1st Cir. 2021) ("Few interests are more compelling than protecting public health against a deadly virus."). In sum, *Lowe* does not show that the First Circuit will treat Plaintiffs' theory any differently than other federal courts of appeals.

Because the Plaintiffs' motion "do[es] not introduce any new grounds to justify awarding them preliminary injunctive relief," *Bayley's Campground*, 2020 WL 3037252, at *2, they have not made the "strong showing" of likelihood of success that an injunction pending appeal requires, *see Mass Gen. Brigham Inc.*, 19 F.4th at 7.

Finally, Plaintiffs argue the Court underweighted irreparable harm in its Order and that Mr. Childs's delay in seeking injunctive relief was reasonable. *See* ECF No. 43 at 17–18. The Court's irreparable harm finding rested on the absence of a strong merits showing, however, which remains unchanged. Order at 30–31. Plaintiffs also assert that because the equities and public interest factors previously balanced evenly, that neutral balance now favors them. ECF No. 43 at 18. It does not: a tie does not become a win where the likelihood of success remains absent. *See New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002) (without a showing of likelihood of success, the remaining factors "become matters of idle curiosity").

## CONCLUSION

For the foregoing reasons, the Plaintiffs' expedited motion for injunctive relief pending appeal, ECF No. 43, is **DENIED**.

**SO ORDERED.**

Dated this 22nd day of September, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**